UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RA'MAR DANIELS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:22-cv-00033-JPH-TAB |
| A. NYEAYEA, | ) ) ) |
| Defendant. | ) ) |

**Order Denying Motion to Amend or Correct**

Plaintiff Ra'mar Daniels, an inmate at Pendleton Correctional Facility, filed this civil rights lawsuit alleging that defendant Sergeant Nyeayea violated his rights by denying him a breakfast tray. The Court screened Mr. Daniels's complaint as required by 28 U.S.C. § 1915A and dismissed it for failure to state a claim upon which relief can be granted. Dkt. 9. Mr. Daniels was given the opportunity to show cause why judgment consistent with the screening order should not issue, and when he failed to respond, the Court dismissed the case and issued final judgment. Dkts. 10, 11. Mr. Daniels has since filed a motion to amend or correct in which he states that he timely submitted an amended complaint for filing, but the Court did not receive it. He attaches a proposed amended complaint to that motion.

### I. Standards

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston,*

*Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Based on Mr. Daniels's assertion that he timely submitted his proposed amended complaint to the law library for filing, the Court will consider it. But that amended complaint is still subject to screening. When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. Discussion

In the proposed amended complaint, Mr. Daniels asserts that on August 28, 2021, Sergeant Nyeayea told him he would not give him a breakfast tray because he is a "check in snitch." Dkt. 12. Mr. Daniels threatened to file a grievance and Sergeant Nyeayea stated, "[you're] really not

getting fed now." *Id.* Mr. Daniels alleges that these actions violated his First and Eighth Amendment rights.

First, to state a First Amendment retaliation claim, Mr. Daniels must allege (1) he engaged in protected First Amendment activity; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) his protected conduct was at least a motivating factor of the adverse action. *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020). As the Court explained in its screening order, it is not clear from the allegation that Sergeant Nyeayea called Mr. Daniels a "snitch" that Mr. Daniels participated in First Amendment activity. Dkt. 9. In the amended complaint, Mr. Daniels adds the assertion that he threatened to file a grievance, but this threat is likely insufficient to satisfy the first requirement of a retaliation claim that the plaintiff participated in a protected First Amendment activity. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("[I]t seems implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance.") (emphasis in original). Further, Mr. Daniels alleges only that Sergeant Nyeayea denied him one breakfast tray. This denial is insufficient to support the second element of a retaliation claim–that Mr. Daniels suffered a deprivation that would likely deter future First Amendment activity. *See Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) (explaining that it would "trivialize the First Amendment" to hold that harassment for exercising a First Amendment right is always actionable). Because Mr. Daniels's allegations do not satisfy the first and second elements of a retaliation claim, he has failed to state claim for relief.

Next, as the Court explained in its screening order, to support his Eighth Amendment claim, Mr. Daniels must allege that the deprivation of breakfast denied him the minimal civilized measure of life's necessities. Dkt. 9 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Missing only one meal is insufficient to state such a claim. *Id.* (citing *Williams v. Shah*, 927 F.3d 476, 480 (7th Cir. 2019)). Mr. Daniels has submitted no additional allegations in the amended complaint that would raise a right to relief under the Eighth Amendment.

## III. Conclusion

In short, like the original complaint, Mr. Daniels's proposed amended complaint fails to state a claim upon which relief can be granted. Accordingly, he has demonstrated no error in the dismissal of this action and his motion to amend or correct, dkt. [12], is **DENIED**.

**SO ORDERED.**

Date: 9/23/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RA'MAR DANIELS
104542
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only